IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FAKERIA PHILLIPS,

    Petitioner

v.

DAVID J. EBBERT,

    Respondent

CIVIL ACTION NO. 3:15-CV-1652

(Judge Caputo)

# MEMORANDUM

## I. Introduction

Presently before the Court is Respondent's Suggestion of Mootness based on Mr. Phillips' release from federal custody. (ECF No. 9.) Petitioner, Fakeria Phillips, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his sentence under the Armed Career Criminal Act. (ECF No. 1, Pet.) Mr. Phillips filed his petition for writ of habeas corpus while incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania.

For the reasons that follow, the Court will dismiss the Petition as moot because the Bureau of Prisons released Mr. Phillips from custody on May 4, 2018, and thus any relief by way of habeas is no longer available.

## II. Discussion

Federal habeas corpus review under § 2241 "allows a federal prisoner to challenge the 'execution' of his sentence." *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 241-43 (3d Cir. 2005). Habeas corpus review is available "where the deprivation of rights is

such that it necessarily impacts the fact or length of detention." *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002). Generally, a petition for habeas corpus relief becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition. *Lane v. Williams*, 455 U.S. 624, 102 S.Ct. 1322, 71 L.Ed.2d 508 (1982).

The relevant inquiry in such a scenario becomes whether the case still presents a case or controversy under Article III, § 2 of the United States Constitution. *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998); *Rendell v. Rumsfeld*, 484 F.3d 236, 240-241 (3d Cir. 2007). This means that, throughout the litigation, an actual controversy, possible of redress by a favorable judicial decision, must exist. *United States v. Kissinger*, 309 F.3d 179, 180 (3d Cir. 2002). The crucial issue is whether the petitioner can demonstrate the existence of collateral consequences, i.e., "some concrete and continuing injury other than the now-ended incarceration or parole." *Spencer*, 523 U.S. at 7, 118 S.Ct. at 983. Collateral consequences are presumed to exist when a habeas petitioner challenges his underlying criminal conviction. *Spencer*, 523 U.S. at 7-8, 118 S.Ct. at 983. By contrast, challenges to the execution of a sentence that has already been served will not be presumed. *Spencer*, 523 U.S. at 12 - 14, 118 S.Ct. at 985-986.

In light of Mr. Phillips' release from custody, his habeas petition has been rendered moot. *See Rodriguez-Leon v. Warden*, 602 F. App'x 854 (3d Cir. 2015); *Scott v. Schuylkill FCI*, 298 F. App'x (3d Cir. 2008); *Scott v. Holt*, 297 F. App'x 154 (3d Cir. 2008).

An appropriate order follows.

Date: July 20, 2018

A. RICHARD CAPUTO
United States District Judge